Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ASOCIACIÓN DE CONDÓMINOS QUADRANGLE MEDICAL CENTER<br><br>Recurrida<br><br>v.<br><br>LISSETTE ENID CRUZ PEÑA<br><br>Peticionaria<br><br>v.<br><br>DR. OSVALDO I. CARO PÉREZ<br><br>Tercero Demandado | KLCE202400917 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2019CVC01250<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece Lisette Enid Cruz Peña (en adelante, peticionaria), mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Orden* en reconsideración emitida el 23 de julio de 2024, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI).[1] Mediante la *Orden* recurrida, la primera instancia judicial declaró *No Ha Lugar* una solicitud reconsideración instada por la peticionaria, por lo que se mantuvo en vigor la *Resolución* notificada el 1 de julio de 2024. En la antedicha Resolución, el TPI dispuso que a la aquí peticionaria le correspondía satisfacer a la parte recurrida del título las siguientes sumas de dinero: $54,351.65 en concepto de cuotas de

---

[1] Apéndice del recurso, a las págs. 1-2.

mantenimiento; $23,586.67 en concepto de intereses mensuales; y $56,151.18 en concepto de intereses por penalidad, para un total de $134,089.50.[2]

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *Certiorari.*

## I.

De entrada, entendemos pertinente destacar que esta es la segunda ocasión en que las partes comparecen ante este Tribunal dentro del mismo pleito judicial. De modo que el trámite procesal del presente caso fue plasmado en la *Sentencia* emitida por este Panel, en el alfanumérico KLAN202301079. A tenor con la referida determinación, adoptamos por referencia el tracto procesal que surge de la referida *Sentencia* y nos circunscribiremos a reseñar aquellos asuntos atinentes al recurso ante nos.

Recibido el Mandato relacionado a la *Sentencia* emitida por este Panel, la Asociación de Condóminos Quadrangle Medical Center (en adelante, parte recurrida o Asociación) presentó una *Moción informativa y en solicitud de orden.*[3] Solicitó, en síntesis, que se cumpliese con lo dispuesto por este Panel en la *Sentencia* emitida y, en consecuencia, se calcularan los intereses conforme al Artículo 47 del Reglamento del Condominio Quadrangle Medical Center. En respuesta, mediante *Resolución* notificada el 6 de junio de 2024, el TPI dispuso que los intereses adeudados por penalidad en concepto de pago tardío ascendían a $24,951.29, más los intereses por la penalidad adicional que equivalían al uno por ciento (1%), los cuales sumaban $101.045.54, para un total de $125,996.83 en concepto de intereses al 1 de junio de 2024.[4]

---

[2] Apéndice del recurso, a la pág. 5.
[3] *Íd.,* a las págs. 50-52.
[4] *Íd.,* a la pág. 53.

Inconforme, la peticionaria presentó una oportuna *Urgente moción de reconsideración y en oposición a "Moción informativa y en solicitud de orden".*[5] En respuesta, mediante *Resolución* en reconsideración, notificada el 24 de junio de 2024, el TPI dejó sin efecto la *Resolución* notificada el 6 de junio de 2024, y dispuso que los intereses adeudados ascendían a $23,446.02 al 1 de junio de 2024.[6]

En desacuerdo, la Asociación presentó una *Moción urgente de reconsideración.*[7] Luego de evaluar la misma, mediante *Resolución* notificada el 1 de julio de 2024, el TPI dispuso dejar sin efecto la *Resolución* notificada el 24 de junio de 2024, y ordenó a la peticionaria a pagar las cuantías de la siguiente forma: $54,351.65 en concepto de cuotas de mantenimiento; $23,586.67 en concepto de intereses mensuales; y $56,151.18 en concepto de intereses por penalidad, para un total de $134,089.50 a junio de 2024.[8] Posteriormente, el 13 de julio de 2024, la peticionaria presentó nuevamente una *Urgente moción de reconsideración y en oposición a "Moción urgente de reconsideración.*[9] Asimismo, el 16 de julio de 2024, presentó una *Oposición a moción urgente de reconsideración.*[10]

En respuesta, mediante *Orden* notificada el 24 de julio de 2024,[11] el foro *a quo* denegó la nueva solicitud de reconsideración instada por la aquí peticionaria.

En desacuerdo, el 23 de agosto de 2024, la peticionaria presentó un recurso de *Certiorari,* en el cual planteó los siguientes dos (2) errores:

> ERRÓ EL TRIBUNAL DE INSTANCIA, AL CONSIDERAR LA PENALIDAD DISPUESTA EN EL ARTÍCULO 47 DEL REGLAMENTO DEL CONDOMINIO QUADRANGLE COMO

---

[5] Apéndice el recurso, a las págs. 55-56. En la misma fecha en que se presentó la solicitud de reconsideración, la peticionaria también presentó una moción para unir unos documentos a la solicitud instada.
[6] Apéndice del recurso, a la pág. 65.
[7] *Íd.,* a las págs. 66-73.
[8] *Íd.,* a la pág. 5.
[9] *Íd.,* a las págs. 74-90.
[10] *Íd.,* a las págs. 91-103.
[11] *Íd.,* a las págs. 1-2.

UN INTER[É]S SIENDO DOS FIGURAS DE DERECHO DISTINTAS Y LAS QUE PERSIGUEN DISTINAS FINALIDADES; CUANDO LA PENALIDAD NO FUE PARTE DE LA SENTENCIA EMITIDA EN EL CASO CIVIL NÚMERO KLAN2023-01079.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS, AL ENTENDER QUE LA PENALIDAD AL SER UN INTER[É]S DEBE SER INCLUIDO EN EL PAGO DE LA SENTENCIA, CUANDO LA RECURRENTE PROBÓ EN JUICIO NO ESTAR SUJETA AL PAGO DE LA MISMA, PUES NI SIQUIERA ESTABA EN POSESIÓN DEL INMUEBLE.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[12] este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...]". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Con el beneficio de la comparecencia del peticionario, procederemos a exponer el derecho aplicable.

**II.**

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[13] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

[...].

El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios,

---

[12] 4 LPRA Ap. XXII-B, R.7 (B)(5).
[13] 32 LPRA Ap. V, R. 52.1.

anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[14]

[…].

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

[…].

Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

[…].[15]

Establecido lo anterior, precisa señalar que el recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[16] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[17] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[18] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[19]

Por otra parte, la Regla 40 del Reglamento del Tribunal de

---

[14] *Íd.*

[15] *Íd.*

[16] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[17] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

[18] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

[19] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [20]

El Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[21] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[22]

Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación

---

[20] 4 LPRA Ap. XXII-B, R.40.

[21] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[22] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[23]

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición. En el caso de autos, la peticionaria esgrime que el TPI erró al considerar la penalidad dispuesta en el Artículo 47 del Condominio Quadrangle como si fuese un interés, a pesar de ser dos figuras de derecho que persiguen propósitos distintos. Sobre este particular, aduce que la penalidad no fue parte de la *Sentencia* emitida en el caso previamente adjudicado por este foro apelativo en el KLAN202301079.

Por otro lado, como segundo señalamiento de error, la peticionaria establece que el TPI erró al atender la penalidad como si fuese un interés e incluir dicha cuantía en el pago de la sentencia, a pesar de que la peticionaria probó en juicio no estar sujeta al pago de esta ni estar en posesión del inmueble.

Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[24] Puntualizamos, que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[25] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia a las actuaciones de los

---

[23] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[24] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[25] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección.

Luego de haber evaluado el expediente en su totalidad, incluida la determinación objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[26], y la Regla 40 del Reglamento de este Tribunal,[27] no atisbamos razón para intervenir con la determinación recurrida.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] 32 LPRA Ap. V, R. 52.1.
[27] 4 LPRA Ap. XXII-B, R. 40.